IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACK ANTHONY CHATMAN,             )<br>    ID # 2173980,                             )<br>         Petitioner,                           )<br>                                                       )<br>vs.                                                  )<br>                                                       )<br>DIRECTOR, Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>         Respondent.                          ) | No. 3:21-CV-1682-N-BH<br><br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on June 21, 2021 (doc. 1). Based on the relevant filings and applicable law, the petition should be **DENIED** with prejudice as barred by the statute of limitations.

### I.   BACKGROUND

Jack Anthony Chatman (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2017 convictions and sentences for aggravated robbery and aggravated assault with a deadly weapon in the 292nd Judicial District Court of Dallas County, Texas. (*See* doc. 1 at 2.) The respondent is the Director of TDCJ-CID. (*See id.* at 1.)

On December 15, 2017, Petitioner was convicted of aggravated robbery and aggravated assault with a deadly weapon in Cause Nos. F17-20589-V and F17-20590-V in the 292nd Judicial District Court of Dallas County, Texas, and sentenced to concurrent terms of imprisonment of 15

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

years and 10 years, respectively.² *See State v. Chatman*, Nos. F17-20589-V, F14-20590-V (292nd Dist. Ct., Dallas County, Tex. Dec. 5, 2017). On December 19, 2018, the judgments were affirmed on direct appeal. *See Chatman v. State*, Nos. 05-18-00020-CR, 05-18-00021-CR, No. 05-18-00022-CR, 2018 WL 6629531 (Tex. App. – Dallas Dec. 19, 2018, no pet.). Petitioner did not file a timely petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. After a mandate was issued by the state appellate court, Petitioner filed a PDR for each conviction on March 29, 2019. *See Chatman v. State*, PD-0303-19 (Tex. Crim. App. Mar. 29, 2019); *Chatman v. State*, PD-0304-19 (Tex. Crim. App. Mar. 29, 2019). Noting that a PDR was due on January 18, 2019, Petitioner had failed to timely file a motion for an extension of time to file a PDR, it was too late to do so, and a mandate had been issued, the Court of Criminal Appeals did not take action on the PDRs. *See id.*

On December 16, 2019, Petitioner filed a federal habeas petition under § 2254. *See Chatman v. Davis*, No. 3:20-cv-156-L-BN, 2020 WL 6573119, at *2 (N.D. Tex. July 16, 2020), *rec. adopted*, 2020 WL 4434910 (N.D. Tex. July 31, 2020). On July 16, 2020, his claims challenging his convictions for aggravated robbery and aggravated assault with a deadly weapon were dismissed without prejudice for failure to exhaust state court remedies. *See id.* at *2-3. Petitioner's state habeas application, filed in the trial court on September 8, 2020, and received by the Court of Criminal Appeals on November 4, 2020, was denied without written order on February 3, 2021. *See Ex parte Chatman*, No. W17-20590-V(A) (292nd Dist. Ct., Dallas County, Tex. Sept. 8, 2020); *Ex parte Chatman*, No. WR-91,958-01 (Tex. Crim. App. Feb. 3, 2021); *Ex parte Chatman*, No. WR-91,958-02 (Tex. Crim. App. Feb. 3, 2021).

---

² Petitioner was also convicted of evading arrest/detention enhanced in Cause No. F17-52715 in the 292nd Judicial District Court of Dallas County, Texas, on December 15, 2017, and sentenced to two years' imprisonment, to run concurrently with his sentences in Cause Nos. F17-20589-V and F17-20590-V. Petitioner does not appear to be challenging this expired conviction in his § 2254 petition. (*See* doc. 1 at 2.)

Petitioner's § 2254 petition raises the following claims:

(1) "Gaurantee" [sic] of counsel not fulfilled on appeal, he violated law on communication missed window to file motion for new trial, limited scope of appeal, thus appeal not heard on merit;

(2) "Gaurantee" [sic] of counsel at trial not fulfilled, lost 6th Amend. right because trial counsel failed to keep up adversarial process, wouldn't prepare for trial - even ignored 10 day rule [ ];

(3) Lost 6th Amend. right to counsel, she confessed to not preparing for trial, and sought to cover up her own ineffectiveness, failed to enforce 10 day rule too;

(4) Lost 6th Amend right to counsel, when she refused to discredit the witnesses against me, and failed to prove intentionally and knowingly as I was not part of it[.]

(doc. 1 at 6-7.)

## II.    STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 2006.  It applies to all federal petitions for habeas corpus filed after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court).  Among its provisions, AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief.  *See* 28 U.S.C. § 2244(d).  Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Because Petitioner did not file a timely PDR with the Texas Court of Criminal Appeals, his convictions became final for purposes of § 2244(d)(1)(A) on January 18, 2019, when the thirty-day time frame for seeking further review after his convictions were affirmed on direct appeal on December 19, 2018, expired. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires."). Petitioner does not allege that state action prevented him from filing a § 2254 petition earlier, and he has not alleged any newly recognized constitutional right made retroactively applicable to cases on collateral review. *See* 28 U.S.C. §§ 2244(d)(1)(B), (C).

Petitioner's allegations became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date his conviction became final is the latest date under § 2244(d), the one-year statute of limitations began to run from that date, January 18, 2019. Petitioner filed this habeas action over two years later. His § 2254 petition is therefore untimely in the absence of statutory or equitable tolling.

**A.**     **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §

4

2244(d)(2).

Petitioner's state habeas application was received by the trial court on September 8, 2020, over seven months after his limitations period expired on January 18, 2020. It therefore does not toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (application filed in state court after expiration of the limitations period does not statutorily toll the limitations period). Petitioner's § 2254 petition, which was filed on December 16, 2019, and dismissed without prejudice on July 16, 2020, also does not toll the statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)[,]" and concluding that state prisoner's federal habeas petition did not toll the limitation period). The statutory tolling period does not save the petition.

**B.    Equitable Tolling**

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (recognizing that only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S.

at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner provides no basis for equitably tolling the limitations period, and he has therefore failed to meet his burden to show that he is entitled to equitable tolling.

**C.   Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-92 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' . . . The standard is seldom

met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

Petitioner appears to claim that he would have proven his innocence if not for counsel's alleged ineffective assistance. (*See* doc. 1 at 6-7.) In support, Petitioner relies on an alleged video recording and phone call he made from jail, portions from both of which were used at trial. (*See id.*) Liberally construing his allegations as a claim of actual innocence, his factual assertions are based on evidence that was available at trial, not new evidence. He is therefore not entitled to equitable tolling on the basis of alleged actual innocence.

### III.   RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on June 21, 2021 (doc. 1), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 27th day of July, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE